**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CANDICE RODRIGUEZ, Individually and as Parent and Natural Guardian of Plaintiff R.R., a Minor, | ) ) ) | |
| Plaintiffs, | ) ) ) | **MDL NO. 2342** **12-MD-2342** |
| vs. | ) ) | **HON. CYNTHIA M. RUFE** |
| PFIZER INC., a Delaware Corporation; PFIZER INTERNATIONAL LLC, a New York Limited Liability Company; J.B. ROERIG & COMPANY, a New York Corporation; GREENSTONE LLC, a Delaware Limited Liability Company; and and DOES 1 through 100, Inclusive, | ) ) ) ) ) ) ) | **COMPLAINT AND** **JURY TRIAL DEMAND** |
| Defendants. | | |

# COMPLAINT

Plaintiff Candice Rodriguez brings this action, individually and as the parent and natural guardian of R.R., a minor, for damages against Defendants Pfizer Inc., Pfizer International LLC, and J.B. Roerig & Company and Greenstone LLC and alleges:

### PARTIES

1.      Candice Rodriguez ("Mother Plaintiff") is the parent and natural guardian of R.R. ("Minor Plaintiff").  She brings this action individually for damages sustained and on behalf of Minor Plaintiff for damages sustained by Minor Plaintiff.

2.      Mother Plaintiff took the prescription drug ZOLOFT® (known generically as sertraline) during her pregnancy.

3.      Minor Plaintiff was born on October 15, 2008.  In 2010, when Minor Plaintiff was

two years old, he was diagnosed with autism.  Minor Plaintiff has difficulty speaking and is very sensitive to noise.  He also suffers from hearing loss, wears glasses, and experiences other sensory issues.  Because of his diagnosis, Minor Plaintiff is receiving speech therapy, behavior therapy and is receiving an Individualized Educational Program (IEP) for preschool.

4.      Pfizer Inc. is a Delaware corporation with its principal place of business in New York, New York.  Its address is 235 East 42nd Street, New York, NY 10017-5755.  At all relevant times, Pfizer and/or its predecessors in interest were engaged in the business of advertising, analyzing, assembling, compounding, designing, developing, distributing, formulating, inspecting, labeling, manufacturing, marketing, packing, producing, promoting, processing, researching, testing, and selling the prescription drug ZOLOFT® in California, and throughout the United States.  Pfizer may be served with process by registered mail, return receipt requested, upon CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

5.      On information and belief, Pfizer International LLC was and still is a domestic limited liability company organized under and existing by virtue of the laws of the State of New York and has a principal place of business in New York, New York.  At all times hereinafter mentioned, defendant Pfizer International LLC was, and still is, a pharmaceutical company involved in research, development, testing, manufacture, production, promotion, distribution and marketing of pharmaceuticals for distribution, sale and use by the general public the drug ZOLOFT®, an antidepressant, in California and throughout the United States.  Pfizer International LLC is a subsidiary of Pfizer, Inc.  All of the stock of Pfizer International LLC is owned by MTG Divestitures LLC and Warner-Lambert Company LLC. MTG Divestitures LLC is 100% owned by Warner-Lambert Company LLC and Warner-Lambert Company LLC is

100% owned by Pfizer Inc.  Thus, Pfizer International LLC's citizenship is the same as Pfizer Inc.

6.      On information and belief, Defendant J. B. Roerig & Company ("Roerig") is a division of Pfizer Inc.  It is a corporation duly existing under virtue of the laws of the State of New York with its principal place of business in New York, New York.  At all times hereinafter mentioned, defendant Roerig was, and still is, a pharmaceutical company involved in research, development, testing, manufacture, production, promotion, distribution and marketing of pharmaceuticals for distribution, sale and use by the general public the drug ZOLOFT® (known generically as sertraline), an antidepressant, throughout the United States.

7.      On information and belief, Defendant Greenstone LLC aka Greenstone Pharmaceuticals LLC ("Greenstone") is a wholly owned subsidiary of Pfizer Inc. It is a limited liability company duly existing under and by virtue of the laws of the State of Delaware with its principal place of business in New Jersey.  At all times hereinafter mentioned, defendant Greenstone was, and still is, a pharmaceutical company involved in research, development, testing, manufacture, production, promotion, distribution and marketing of pharmaceuticals for distribution, sale and use by the general public the drug ZOLOFT® (known generically as sertraline), an antidepressant, in California and throughout the United States.

8.      Pfizer Inc., Pfizer International LLC and Greenstone LLC hereinafter shall be referred to as "Pfizer" or "Defendants".

### JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332.  Plaintiffs and Defendants are citizens of different states, and complete

diversity of citizenship exists as between Plaintiffs and Defendants. Pfizer is incorporated under the laws of Delaware and has its principal place of business in New York; therefore, it is a citizen of Delaware and New York under 28 U.S.C. § 1332(c)(1). Pfizer International LLC, a New York Limited Liability Company, was and still is, a limited liability company duly existing under and by virtue of the laws of the State of New York with its principal place of business in New York, New York. Mother Plaintiff is a citizen of California for purposes of bringing this action in her individual capacity. For purposes of bringing this action as the legal representative of Minor Plaintiff, Mother Plaintiff and Minor Plaintiff are citizens of the State of California under 28 U.S.C. § 1332(c)(2). Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.

10.     Venue is proper in this Court because the MDL is pending in this Court and because at all times relevant to this Complaint, Pfizer has engaged in continual business in this District, and Pfizer receives substantial compensation and profits from sales of ZOLOFT® in this District.

## GENERAL FACTUAL ALLEGATIONS

11.     Mother Plaintiff is the natural mother of Minor Plaintiff, a minor, who was born with autism caused by Mother Plaintiff's ingestion of ZOLOFT® as prescribed by her treating physicians during her pregnancy.

12.     Pfizer, its predecessors in interest, and its subsidiaries, advertised, analyzed, assembled, compounded, designed, developed, distributed, formulated, inspected, labeled, manufactured, marketed, packed, produced, promoted, processed, researched, tested, and sold ZOLOFT®.

13. The prescription drug Sertraline is manufactured, promoted, marketed, distributed, and labeled by Pfizer under the trade name ZOLOFT®, ZOLOFT® Oral Suspension, and ZOLOFT® CR (collectively, ZOLOFT®) and is a member of a class of drugs known as "selective serotonin reuptake inhibitors" or "SSRIs."  ZOLOFT® was approved for use in the United States by the Food and Drug Administration (FDA) for the treatment of Major Depressive Disorder (MDD) on December 30, 1991; Obsessive-Compulsive Disorder (OCD) on October 25, 1996; for children with OCD on October 10, 1997; Panic Disorder on July 8, 1997; Acute Post Traumatic Stress Disorder (PTSD) on December 7, 1999, and for chronic, long term PTSD on August 6, 2001; Premenstrual Dysphoric Disorder on May 16, 2002; and Social Anxiety Disorder on February 7, 2003.  ZOLOFT® is supplied for oral administration as scored tablets in doses of 25, 50, and 100 mg.

14. Minor Plaintiff's injuries were a direct result of Mother Plaintiff's ingestion of ZOLOFT® during her pregnancy in a manner and dosage recommended by Pfizer and prescribed by Mother Plaintiff's doctors.

**Pfizer Knew or Should Have Known that
ZOLOFT® Causes Autism and Other Serious Birth Defects**

15. Prior to Mother Plaintiff becoming pregnant, Pfizer knew or should have known that children were being born with autism and congenital birth defects to women who took ZOLOFT® during pregnancy.

16. Prior to Mother Plaintiff becoming pregnant, Pfizer knew or should have known that ZOLOFT® crosses the placenta and, thereby, poses significant risks to the developing fetus.

17. Prior to the time that Mother Plaintiff ingested ZOLOFT® during her pregnancy, Pfizer knew or should have known that ZOLOFT® posed an increased risk of autism and

congenital birth defects and other related conditions.

18.     Prior to the time that Mother Plaintiff ingested ZOLOFT® during her pregnancy, Pfizer knew or should have known from available information that ZOLOFT® posed an increased risk of autism, as well as multiple congenital birth defects.

19.     At or before FDA approval of ZOLOFT®, Pfizer knew that ZOLOFT® caused birth defects when administered to non-human mammalian species.

20.     Prior to the time that Mother Plaintiff ingested ZOLOFT® during her pregnancy, Pfizer knew or should have known that SSRI drugs, as a class, increase the risk of autism and congenital birth defects.  This class includes drugs such as Citalopram (Celexa), Escitalopram (Lexapro), Fluvoxamine (Luvox), Fluoxetine (Prozac), and Paroxetine (Paxil).

21.     Before Mother Plaintiff ingested ZOLOFT®, Pfizer knew of studies within the same class of drugs demonstrating that mothers exposed to SSRIs late in their pregnancies showed significantly higher rates of prematurity, poor neonatal adaptation, significantly lower mean birth weight and length, and PPHN. Chambers, Christina, et al., Birth Outcomes in Pregnant Women Taking Fluoxetine, 335 New Eng. J. Med. 1010-15 (1996).

22.     Pfizer knew or should have known before 1996 that use of SSRIs, including ZOLOFT®, during pregnancy caused lower gestational age and birth weight, longer hospital stays, and significantly lower Apgar scores[1] than in non-exposed infants in control groups.

### Pfizer Misrepresented, and Continues to Misrepresent, the Safety and Efficacy of ZOLOFT®

23.     A central premise of federal drug regulation is that a drug manufacturer bears

---

[1] The Apgar Score was devised by anesthesiologist Virginia Apgar in 1952 to evaluate a newborn baby on five criteria:  skin color, heart rate, reflex response, muscle tone, and respiration.  See www.nlm.nih.gov/changingthefaceofmedicine/physicians/biography_12.html (last visited Dec. 14, 2011).

responsibility for the content of its label at all times.

24.     Pfizer knew from preclinical studies and subsequent published studies that dangerous birth defects were associated with ZOLOFT® use during pregnancy. Pfizer took no action to properly study ZOLOFT® and/or did not properly publish the results of studies that it did conduct, which would have reflected the increased risks. Pfizer failed to adequately warn or remedy the risks and, instead, concealed, suppressed, and failed to disclose the dangers. Despite the numerous published studies, some of which are described above, Pfizer continues to deny these dangers.

25.     Prior to Mother Plaintiff's pregnancy, Pfizer had the knowledge, the means, and the duty to provide the medical community and the consuming public with more accurate warnings regarding the association between ZOLOFT® and autism, congenital birth defects and other related conditions. Pfizer had a further duty, based upon the evidence and "signals" that had accumulated since the 1990s demonstrating a relationship between ZOLOFT® and birth defects and/or fetal demise, including animal and human studies, case reports, adverse event reports, registries, and other available sources, to conduct post-marketing studies to evaluate fully the significance of these studies. Pfizer, through its agents, employees, and servants, breached these duties.

26.     Despite Pfizer's knowledge of the danger of birth defects, Pfizer failed and continues to fail to warn and disclose to consumers, including Mother Plaintiff, that ZOLOFT® significantly increases the risk of autism, and other birth defects.

27.     Pfizer had actual knowledge that doctors frequently prescribed ZOLOFT® to women of childbearing potential for approved uses and for un-approved, or off-label, uses.

28.     Pfizer knew that its failure to disclose to the medical community and consumers, including Mother Plaintiff, the increased risk of autism or congenital birth defects associated with ZOLOFT® use during pregnancy could result in serious injury and/or death to the children or unborn fetuses of women who were prescribed ZOLOFT® by physicians who were unaware of this information.  Pfizer's failure to disclose this information was willful, wanton, and with intentional disregard to the health and safety of consumers, including Mother Plaintiff, and caused serious and permanent injuries to Mother Plaintiff and Minor Plaintiff.

29.     The current ZOLOFT® label remains deficient to adequately and accurately warn doctors and/or their patients of the increased risk of cardiac malformations and other birth defects that are seen in babies whose mothers took ZOLOFT® during pregnancy.

30.     Mother Plaintiff was unaware of the dangerousness of ZOLOFT® when taken during pregnancy.  Had she and/or her healthcare providers known of the increased risk of autism or birth defects, she would not have taken ZOLOFT® during her pregnancy, and Minor Plaintiff would not have developed autism and suffered birth defects.

### COUNT I
### Strict Products Liability
### Defective Design

31.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

32.     Pfizer designed, formulated, produced, manufactured, sold, marketed, distributed, supplied, and/or placed into the stream of commerce, in the regular course of its business, the pharmaceutical drug ZOLOFT®.

33.     At the time ZOLOFT® was manufactured and sold by Pfizer to Mother Plaintiff,

it was defective in design or formulation in that the foreseeable risks of the product exceeded the benefits associated with its design or formulation or, alternatively, it was more dangerous than an ordinary consumer would expect.

34.     Mother Plaintiff used ZOLOFT® during her pregnancy for the purpose of treating anxiety, depression, and/or mood disorder in a manner that was reasonably anticipated and promoted by Pfizer.

35.     The ZOLOFT® sold to Mother Plaintiff reached her without substantial change or alteration, as expected by Pfizer, and she ingested it without making any changes or alterations.

36.     As a direct and proximate result of Mother Plaintiff's use of ZOLOFT® during pregnancy, Minor Plaintiff suffered injuries and damages as described above.

37.     Pfizer's intentional disregard for the safety of users of ZOLOFT®, including Mother Plaintiff and Minor Plaintiff, justifies an award of punitive damages.

**COUNT II**
**Strict Products Liability**
**Failure to Warn**

38.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

39.     The ZOLOFT® designed, formulated, produced, manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Pfizer was defective in that, and not by way of limitation, it failed to include adequate warnings, instructions and directions relating to the dangerous risks associated with the use of ZOLOFT® during pregnancy, including increased dangerous propensities as compared to other similar and comparable alternatives, which risks were known or reasonably scientifically knowable to Defendants.  The warnings

given by Pfizer did not sufficiently and/or accurately reflect the symptoms, type, scope, severity, or duration of the side effects and, in particular, the risks of injury to unborn children of women who ingest ZOLOFT® during their pregnancy.  The Defendants knew or should have known of the defective condition, characteristics and risks associated with Zoloft, as previously set forth herein.

40.     Pfizer marketed ZOLOFT® by way of Direct to Consumer advertisements in markets, including California.

41.     Pfizer failed to provide adequate warnings to physicians and users, including Mother Plaintiff, of the increased risk of congenital birth defects associated with ZOLOFT® use during pregnancy and aggressively promoted the product to doctors, to hospitals, and directly to consumers.  Mother Plaintiff, her prescribing physicians and health care providers, neither knew, nor had reason to know at the time of their use of ZOLOFT® of the existence of the aforementioned defects.  Ordinary consumers would not have recognized the potential risks or side effects for which Defendants failed to include appropriate warnings.

42.     At all times herein mentioned, ZOLOFT® was prescribed and used as intended by Defendants and in a manner reasonably foreseeable to Defendants.

43.     As a direct and proximate result of Pfizer's failure to warn of the potentially severe adverse effects of ZOLOFT®, Minor Plaintiff suffered injuries and damages as described above.

44.     Pfizer's intentional disregard for the safety of users of ZOLOFT®, including Mother Plaintiff and Minor Plaintiff, justifies an award of punitive damages.

## COUNT III
## Negligence

45.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

46.     Pfizer had a duty to exercise reasonable care in advertising, analyzing, assembling, compounding, designing, developing, distributing, formulating, inspecting, labeling, manufacturing, marketing, monitoring the use of, packaging, producing, promoting, processing, researching, testing, issuing warnings with respect to, and selling ZOLOFT®, and to adequately test and warn of the risks and dangers of ZOLOFT® both before and after sale, and to recall the products upon discovering that the warnings and information issued in connection with ZOLOFT® were inadequate, and that prescribing physicians and consumers did not fully understand the risks associated with ZOLOFT®.

47.     Pfizer, through its agents, servants, and/or employees acting within the course and scope of their employment, breached its duty to exercise reasonable care in one or more of the following ways:

      a.    failing to conduct sufficient testing which, if properly performed, would have shown that ZOLOFT® use during pregnancy poses an increased risk of injury to unborn children;

      b.    failing to disclose adverse test results and other information regarding the risk that ZOLOFT® use during pregnancy will interfere with the proper development of an unborn fetus;

      c.    failing to review all adverse drug event reports;

      d.    failing to continually test, monitor, and analyze data regarding the safety,

efficacy, and prescribing practices for ZOLOFT®;

e.  failing to monitor the sales of ZOLOFT® and related medical literature regarding the over-prescription of ZOLOFT® to women of childbearing potential;

f.  failing to periodically review medical literature regarding the side effects associated with ZOLOFT® use;

g.  failing to adequately warn the medical community and consumers, including Mother Plaintiff and her healthcare providers, of the increased risks associated with ZOLOFT® use during pregnancy;

h.  misrepresenting that ZOLOFT® was safe for use during pregnancy when it knew or should have known that it was associated with autism and congenital birth defects;

i.  failing to conduct post-marketing safety surveillance and report any information bearing upon the adequacy and/or accuracy of its warnings, efficacy, or safety, including the risks and/or prevalence of adverse effects associated with ZOLOFT® use during pregnancy, to the medical community and consumers, including Mother Plaintiff and her healthcare providers;

j.  failing to provide post-marketing warnings after Pfizer knew or should have known of the significant risks of autism and congenital birth defects associated with ZOLOFT® use during pregnancy;

k.  promoting and marketing ZOLOFT® as safe and effective for use during

pregnancy when Pfizer knew or should have known that ZOLOFT® was associated with an increased risk of autism and congenital abnormalities; and

l.      promoting and marketing ZOLOFT® for non-approved (off-label) uses and/or over-promoting, marketing, advertising, and selling ZOLOFT® without warning of the potential danger to an unborn fetus, which resulted in over-prescription of ZOLOFT® to women of childbearing potential.

48.     As a consequence of one or more of the foregoing acts or omissions, Pfizer failed to act as a reasonably prudent drug manufacturer.

49.     As a direct and proximate result of Pfizer's negligence, Minor Plaintiff suffered injuries and damages as described above.

50.     Pfizer's intentional disregard for the safety of users of ZOLOFT®, including Mother Plaintiff and Minor Plaintiff, justifies an award of punitive damages.

## COUNT IV
## Negligent Misrepresentation

51.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

52.     Defendants, and each of them, from the time that ZOLOFT® was first tested, studied, researched, first manufactured, marketed and distributed, and up to the present, made false representations, as previously set forth herein, to Mother Plaintiff and her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, and the public in general, including, but not limited to, the misrepresentation that ZOLOFT® was safe, fit, and effective for human consumption during pregnancy.

53.     At all times relevant hereto, Defendants, and each of them, conducted a sales and marketing campaign to promote the sale of ZOLOFT® to women of child-bearing years and willfully deceive Mother Plaintiff and her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, and the public in general as to the health risks and consequences of the use of ZOLOFT® during pregnancy.

54.     Defendants made the foregoing misrepresentations without any reasonable ground for believing them to be true.  These misrepresentations were made directly by Defendants, by sales representatives, detail persons and other authorized agents of said Defendants, and in publications and other written materials directed to Mother Plaintiff and her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, and the public in general, with the intention of inducing reliance and the prescription, purchase, and use of ZOLOFT®.

55.     The foregoing representations by Defendants, and each of them, were in fact false, in that ZOLOFT® is not, and at all relevant times alleged herein was not, safe, fit, and effective for human consumption during pregnancy, the use of ZOLOFT® is hazardous to health of the unborn child, and ZOLOFT® has a significant propensity to cause serious injuries to users including, but not limited to, the injuries suffered as described above.   The foregoing misrepresentations by Defendants, and each of them, were made with the intention of inducing reliance and inducing the prescription, purchase, and use of ZOLOFT®.

56.     In reliance on the misrepresentations by Defendants, and each of them, Mother Plaintiff and her prescribing physicians and healthcare providers were induced to purchase and use ZOLOFT®.  If they had known of the true facts and the facts concealed by Defendants, they

would not have used ZOLOFT® and their reliance upon Defendants' misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities that were in a position to know the true facts.

57.     As a direct and proximate result of Pfizer's negligent misrepresentation of these material facts, Minor Plaintiff suffered injuries and damages as described above.

58.     Pfizer's intentional disregard for the safety of users of ZOLOFT®, including Mother Plaintiff and Minor Plaintiff, justifies an award of punitive damages.

## COUNT V
### Fraud, Fraudulent Misrepresentation and Concealment

59.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

60.     Pfizer owed a duty to the medical community and consumers, including Mother Plaintiff and her healthcare providers, to provide accurate and complete information regarding ZOLOFT®.

61.     Pfizer's advertising program, by affirmative misrepresentations and omissions, falsely and deceptively created the image and impression that ZOLOFT® was safe for human use, had no unacceptable side effects, had fewer side effects than other antidepressants, and would not interfere with daily life.

62.     Plaintiff is informed and believes and based thereon alleges that Defendants, while knowing that ZOLOFT® poses a significant risk of harm to the fetus when used during pregnancy, orchestrated a sophisticated, comprehensive, multi-pronged marketing scheme to convince Mother Plaintiff and the general consuming public, the healthcare community and others that ZOLOFT® was safe and effective for use during pregnancy.

63.     Plaintiff is informed and believes and based thereon alleges that, while knowing that the ZOLOFT® is not effective, and that it poses a significant risk of injury to a fetus when used during pregnancy, Defendants implemented a false, fraudulent and misleading nationwide marketing campaign, including DTC advertising and marketing, concerning ZOLOFT®, specifically stating that ZOLOFT® is safe and effective for use during pregnancy.

64.     Pfizer purposefully concealed, failed to disclose, misstated, downplayed, and/or understated the risks associated with ZOLOFT®.  Pfizer, through promotional literature, deceived potential users and prescribers of ZOLOFT® by relying only on positive information, such as testimonials from allegedly satisfied users, and manipulating statistics to suggest widespread acceptability while concealing, misstating, and/or downplaying the known serious adverse effects.  Pfizer suggested that the risks associated with the discontinued use of ZOLOFT® may be greater than any potential risk associated with use during pregnancy and intentionally withheld relevant information from potential ZOLOFT® users and prescribers regarding the safety and efficacy of ZOLOFT® use during pregnancy.

65.     Specifically, Pfizer misrepresented and/or omitted a number of material facts in its materials, including but not limited to:

      a.     the presence, accuracy, and adequacy of testing of ZOLOFT®; and

      b.     the severity and frequency of autism, adverse congenital birth defects, heart defects, PPHN, and/or other related conditions associated with ZOLOFT® use during pregnancy.

66.     Pfizer misrepresented and/or concealed these material facts with the intent to deceive ZOLOFT® users, including Mother Plaintiff, and prescribers and induce users to ingest

ZOLOFT® during pregnancy.

67.     Mother Plaintiff ingested ZOLOFT® during her pregnancy in justifiable reliance on the facts as she knew them.  If she had known the actual facts, she would not have taken such actions nor would she have used ZOLOFT® during her pregnancy with Minor Plaintiff.  Her reliance upon Defendants' misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities that were in a position to know the true facts.

68.     By and through the Defendants' false statements, fraudulent conduct and fraudulent concealment of facts as alleged herein, Plaintiffs were prevented from discovering the wrongful conduct of Defendants with regard to ZOLOFT® and was thereby prevented from discovering his causes of action against Defendants herein.  Therefore, Defendants are estopped from asserting any statute of limitations defenses in this matter as such statutes of limitation have been delayed in accrual and/or have been tolled due to Defendants' conduct.  So long as Defendants continue to deny the increased risk of birth defects, the adverse events and the causal relationship between ZOLOFT® and Minor Plaintiff's injuries, all such statutes of limitation applicable to the causes of action asserted herein are, and will continue to be, tolled.

69.     As a direct and proximate result of Pfizer's misrepresentation and/or concealment of these material facts, Minor Plaintiff suffered injuries and damages as described above.

70.     Pfizer's intentional disregard for the safety of users of ZOLOFT®, including Mother Plaintiff and Minor Plaintiff, justifies an award of punitive damages.

## COUNT VI
## Breach of Implied Warranty

71.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set

forth herein and further alleges:

72.     Prior to the use of ZOLOFT®, Defendants, and each of them, impliedly warranted to Mother Plaintiff, her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, the FDA, and the public in general, that ZOLOFT® was merchantable quality and safe and fit for the use for which it was intended.

73.     Mother Plaintiff and her physicians and healthcare providers were, and remain, unskilled in the research, design, and manufacture of ZOLOFT® and reasonably relied entirely on the skill, judgment, and implied warranty of Defendants in using ZOLOFT®.

74.     The Defendants breached their warranties in that, ZOLOFT® was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that ZOLOFT® had dangerous propensities and known or knowable side effects when put to its intended use during pregnancy and would cause severe injuries to the user and her unborn child, which propensities and side effects were known or knowable but were not warned of by the Defendants.

75.     As a direct and proximate result of the aforementioned breach of implied warranties, Minor Plaintiff suffered injuries and damages as described above.

76.     Pfizer's intentional disregard for the safety of users of ZOLOFT®, including Mother Plaintiff and Minor Plaintiff, justifies an award of punitive damages.


## COUNT VII
## Breach of Express Warranty

77.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth herein and further alleges:

78.     At all times herein alleged, Defendants, and each of them, expressly represented

and warranted to the Mother Plaintiff and her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, the FDA, and the public in general, by and through statements made by Defendants, their authorized agents, and sales representatives, orally and in publications, package inserts, and other written materials intended for physicians, patients, and the general public, that ZOLOFT® was safe, effective, fit, and proper for it intended use, and ZOLOFT® was purchased in reliance upon said express warranties.

79.     In using ZOLOFT®, Mother Plaintiff and her prescribing physicians and healthcare providers, relied on the skill, judgment, representations, and express warranties of Defendants. Said warranties and representations were false, in that ZOLOFT® was not safe and was unfit for the use for which it was intended.

80.     As a result of the foregoing breach of express warranties by Defendants, Minor Plaintiff sustained injuries and damages as described above.

81.     Pfizer's intentional disregard for the safety of users of ZOLOFT®, including Mother Plaintiff and Minor Plaintiff, justifies an award of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in her favor and seeks the following relief against Pfizer:

A.     Compensatory damages in excess of $75,000, exclusive of interest and costs;

B.     Costs of suit;

C.     Pre-judgment and post-judgment interest;

D.     Punitive damages; and

E.      Such other relief as this Court deems just and proper under the circumstances.

DATED: January 26, 2015                 RESPECTFULLY SUBMITTED,

                                        /s/ Stephen A. Corr
                                        Stephen A. Corr, Esq.
                                        **STARK & STARK**
                                        777 Township Line Road, Suite 120
                                        Yardley, PA 19067-5559
                                        Tel:  267.759.9684; Fax: 267.907.9659
                                        scorr@stark-stark.com

                                        Mark P. Robinson, Jr.
                                        Karen Barth Menzies
                                        Daniel S. Robinson
                                        Jennifer R. Liakos
                                        **ROBINSON CALCAGNIE ROBINSON
                                        SHAPIRO DAVIS, INC.**
                                        19 Corporate Plaza Dr.
                                        Newport Beach, CA 92660
                                        949-720-1288; Fax 949-720-1292
                                        mrobinson@rcrlaw.net; kmenzies@rcrlaw.net
                                        drobinson@rcrlaw.net; jliakos@rcrlaw.net

                                        Attorneys for Plaintiffs

**JURY TRIAL DEMAND**

Plaintiffs request a jury trial as to all claims in this complaint.


DATED:  January 26, 2015                     RESPECTFULLY SUBMITTED,


                                             */s/ Stephen A. Corr*_____
                                             Stephen A. Corr, Esq.
                                             **STARK & STARK**
                                             777 Township Line Road, Suite 120
                                             Yardley, PA 19067-5559
                                             Tel:  267.759.9684; Fax: 267.907.9659
                                             scorr@stark-stark.com

                                             Mark P. Robinson, Jr.
                                             Karen Barth Menzies
                                             Daniel S. Robinson
                                             Jennifer R. Liakos
                                             **ROBINSON CALCAGNIE ROBINSON**
                                             **SHAPIRO DAVIS, INC.**
                                             19 Corporate Plaza Dr.
                                             Newport Beach, CA 92660
                                             949-720-1288; Fax 949-720-1292
                                             mrobinson@rcrlaw.net; kmenzies@rcrlaw.net
                                             drobinson@rcrlaw.net; jliakos@rcrlaw.net

                                             Attorneys for Plaintiffs